UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10911-RWZ

ROBERT N. VAFIDES

v.

GARY RODEN, SUPERINTENDENT

MEMORANDUM OF DECISION
March 1, 2011

ZOBEL, D.J.

Robert Vafides ("Vafides") petitions pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction for trafficking in over 200 grams of cocaine in violation of Mass. Gen. Laws ch. 94C, § 32E(b)(4), and possession of marijuana with intent to distribute in violation of Mass. Gen. Laws ch. 94C, § 32C(a).

Petitioner contends that the Massachusetts Appeals Court erred in (1) affirming the trial court's denial of his motion to suppress physical evidence obtained during the search of a motor vehicle in which he had been a passenger, and (2) concluding that there was no prosecutorial misconduct on summation and no prejudice from the prosecutor's statements concerning petitioner's ownership of the vehicle searched. For the reasons discussed below, the petition is denied.

I.   **Factual and Procedural Background**[1]

---

[1] The factual background is taken from the Massachusetts Court of Appeals decision, which relies upon the affidavit in support of probable cause submitted by state police officer Richard S. Warmington. See Commonwealth v. Vafides, No. 06-P-1484, 71 Mass. App. Ct. 1117, 2008 WL 901859, *1 (Mass. App. Ct. Apr. 3, 2008).

In October 1999, state police officer Richard S. Warmington received information from a confidential informant that Vafides was engaged in the purchase and sale of cocaine in and around Hull, Massachusetts. The informant told Officer Warmington that one could purchase cocaine from Vafides by paging him and meeting him at a designated location, where Vafides would arrive in either a green Ford Explorer or a white pickup truck. He further explained that Vafides lived in a multi-unit building at 31A "C" Street in Hull, Massachusetts, which contained a common basement that Vafides used as a gym.

On October 15, 1999, Officer Warmington and other police officers arranged a controlled buy. At their direction, the informant paged Vafides, and the two met at a designated location in a white pickup truck, where Vafides sold cocaine to the informant in exchange for $50. Vafides then drove to his residence at 31A "C" Street.

After a few days' surveillance of Vafides' residence and actions, on October 26, 1999, Officer Warmington arranged a second controlled buy. The informant paged Vafides, who was seen entering 31A "C" Street. One minute later, Vafides called the informant, and two minutes later, Vafides left his residence and drove the white pickup to the designated location, where he sold the informant cocaine in exchange for $200.

Police obtained a search warrant for the premises of 31A "C" Street and for the green 1995 Ford Explorer. On October 28, 1999 at 6:16 pm, several officers executed the warrant on 31A "C" Street, during which they discovered cocaine and marijuana in the basement. At 9:25 p.m., three hours later, they stopped Vafides in the Ford Explorer and searched the vehicle. They found eight small plastic packages of

cocaine, miscellaneous paperwork in Vafides' name, as well as a key that was later found to open a locked storage area in the common basement of Vafides' residence.

### A.     First Suppression Motion (2001)

In his first suppression motion, petitioner sought exclusion of all physical evidence obtained as a result of the search of the premises located at 31A "C" Street. See S.A. I-237-239 (Defendant's Mot. to Suppress Physical Evidence). After a hearing, the judge denied the motion. See S.A. I-237 (endorsed Order dated 3/29/01); S.A. I-119-126 (Order on Defendant's Mot. to Suppress and Dismiss dated March 30, 2001).

### B.     Second Suppression Motion (2004)

Petitioner's second motion sought to suppress all physical evidence obtained as a result of the execution of the search warrant for the green 1995 Ford Explorer in which Vafides was a passenger. See S.A. I-240 - I-241 (Defendant's Mot. to Suppress Physical Evidence II). This, too, was denied after hearing.

### C.     Trial, Conviction, and Sentence

After a five-day jury trial, Vafides was convicted of both trafficking in over 200 grams of cocaine and possession of marijuana with intent to distribute. The court sentenced him to a term of 15 years to 15 years and one day for cocaine trafficking and three years of probation for possession of marijuana, to be served after the expiration of the term for cocaine trafficking.

### D.     Direct Appeal

Vafides timely appealed his conviction which the Appeals Court affirmed in a

written decision. See Commonwealth v. Vafides, No. 06-P-1484, 71 Mass. App. Ct. 1117, 2008 WL 901859, *1 (Mass. App. Ct. Apr. 3, 2008). He alleged four errors by the trial court, each of which was rejected by the Appeals Court. His petition for rehearing was denied, as was his application for further appellate review to the Massachusetts Supreme Judicial Court.

### E. Pending Habeas Petition

Vafides now contends that the Appeals Court erred with respect to both grounds he asserted and that its decision violated his Fourth Amendment rights and his Fourteenth Amendment due process rights.

## II. Standard of Review

Petitioner's application for a writ of habeas corpus cannot be granted unless petitioner's state court adjudication was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Moreover, the individual fact findings underpinning a state court decision are entitled to a presumption of correctness which petitioner may, however, rebut, albeit by clear and convincing evidence. Id. at § 2254(e).

## III. Legal Analysis

### A. Massachusetts Appeals Court's Affirmance of the Denial of Petitioner's Motion to Suppress Evidence Seized From the Vehicle

Petitioner argued to the Appeals Court that the search warrants for his residence

and the truck were not supported by probable cause. The court sidestepped the issue as framed. In affirming the denial of petitioner's second motion to suppress, it held that regardless of the validity of the search warrant for the Ford Explorer, petitioner was not entitled to suppression of the evidence because "the search of the vehicle was effectuated contemporaneously with the defendant's arrest, and was within the permissible scope of a search incident to arrest." Commonwealth v. Vafides, 71 Mass. App. Ct. 1117, 2008 WL 910859, *3.

The search of the vehicle was permissible under both state and federal law. Even were the search warrant for the Ford Explorer issued in error, the police were entitled to search the vehicle incident to petitioner's arrest. See Thornton v. United States, 541 U.S. 615, 623-624 (2004) ("[s]o long as an arrestee is [a] recent occupant of a vehicle [], officers may search that vehicle incident to the arrest"); Arizona v. Gant, 559 U.S. __, 129 S. Ct. 1710, 1723-1724 (2009) (police may search a vehicle incident to arrest if it is reasonable to believe the vehicle contains evidence of the offense of arrest); accord Commonwealth v. Stephens, 451 Mass. 370, 386, 885 N.E.2d 785, 798-799 (2008) (police may search vehicle incident to arrest so long as search and arrest are "roughly contemporaneous"). Here, police searched Vafides' home at 6:16 pm on October 28, 1999, and discovered drugs in the basement. At 9:25 p.m., three hours later, they stopped Vafides in the Ford Explorer and executed a search of the vehicle. Given the officers' knowledge of petitioner's activities and the search of his residence,

his arrest was proper, and the search of the vehicle incident to arrest was also proper.[2]

### B. Massachusetts Appeals Court's Erroneous Conclusion Regarding the Prosecution's Closing Argument

Next, Vafides contends that the Massachusetts Appeals Court erred in its conclusion that there was no prosecutorial misconduct during the summation and therefore no resulting prejudice.

Vafides asserts that the prosecutor misstated the evidence in his closing argument by referring to the Ford Explorer, the vehicle in which Vafides was a passenger when arrested, as "his car," when in fact it was owned by his father-in-law. The Massachusetts Appeals Court reviewed the trial court's admission of the statements for prejudicial error, and found none. The court reasoned that "[t]he actual ownership of the car was inconsequential to the Commonwealth's case; the defendant had been a passenger in that vehicle at the time of his arrest, with ready access to and dominion over the console and glove box where incriminating evidence was found." 71 Mass. App. Ct. 1117, 2008 WL 901859, *5 (Mass. App. Ct. 2008).

To prevail on a due process challenge with respect to claims of error concerning a prosecutor's closing argument, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal citations omitted). Rather, the relevant inquiry is whether the

---

[2]Petitioner makes several arguments relating to the correct standard of review of his claim that the search warrant of the vehicle was issued without probable cause. Because the search of the vehicle was constitutional under both state and federal law as a search incident to his lawful arrest, arguments concerning the standard of review fall by the wayside.

comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. at 168 (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974)).

Here, at trial, the prosecution sought to elicit evidence that Vafides possessed — i.e., had dominion and control over — drugs found both in the basement of his home and in the Ford Explorer that his wife was driving at the time of his arrest. Valfides countered that there was no direct evidence linking him to the drugs in either location. His counsel argued that there was no evidence regarding ownership of the car, that it was driven by his wife, not him, and that there was insufficient evidence that he had access to the drugs in the vehicle.

Because the Commonwealth's theory was constructive possession, which required dominion and control, actual ownership of the car was irrelevant. Moreover, his counsel argued in his own closing that the Commonwealth failed to introduce any evidence of ownership. Accordingly, petitioner's claim fails.

## IV. Conclusion

The petition for writ of habeas corpus (Docket # 1) is DENIED.

|  |  |
|---|---|
| March 1, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |